### WILSON v. STATE.

Ohio Appeals, 4th Dist., Scioto Co.

Decided June 8, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff. ·

288. CONSPIRACY—58. Aiders, Abettors & Accomplices—333. Criminal Law.

Each conspirator is criminally responsible for every thing done by his confederates, when act is done in execution of conspiracy, and to advance the same, or follows conspiracy as natural and probable consequence or outcome thereof.

Error to Common Pleas.
Judgment affirmed.

Jos. T. Micklethwait and E. G. Littleton, Portsmouth, for Wilson.

Russell G. McCurdy, Pros. Atty., Portsmouth, for State.

FULL TEXT.

THOMAS, J.

Plaintiff in error was convicted in the Court of Common Pleas of this county of murder in the first degree on an indictment containing two counts. The first count charged the commission of the offense with deliberation and premeditated malice, and the second count with having maliciously killed a police officer, Paul Frederick, while engaged in the performance of his official duty. A verdict of guilty on both counts was returned and sentence of death was pronounced after a motion for a new trial was overruled by the trial court. Error is prosecuted to this court on the ground that the verdict is not sustained by the evidence.

The record shows from the testimony of both the state and the defense that on the evening of February 6, 1928, the plaintiff in error and one James Coleman entered into a conspiracy to rob employes of the Norfolk and Western Railway Company who were working at the "Terminals," about one and one half miles east of the place where the conspiracy was formed; that they procured a revolver and a flash light for the purpose; that Coleman was to use the gun in holding up the victims while Wilson was to search them and take the money from their person; that about nine o'clock P. M., following the accused and his confederate were on their way to the place where the robberies were to be commited; that after traveling on foot for about two-thirds of the distance they were met by the deceased officer on a motorcycle, who inquired of them what their business was and where they were going, whereupon Coleman suddenly drew the revolver, fired and fatally wounded the officer. The record discloses that at the time both knew that the deceased was a police officer.

Coleman testified as follows:

"Question. Did you see the officer drive up on his motorcycle?"

Answer. No, sir, I didn't see him. He (Wilson) said, 'here is the officer'."

Immediately after the shooting they both fled together from the scene and later were apprehended. From the evidence it appears that Wilson was the more intelligent and therefore the more culpable, that he was the directing hand of the enterprise.

"He said, 'Come on and go with me, I am going out to the N. and W. Yards. The first one I show you, throw it on him. Don't be a bit scared'."

"Spook kept backing back and hunched me, and I shot."

In the case of **Montrose Hickman v. The State of Ohio** this court says:

"It has been definitely settled as a rule of law in this state and country that each conspirator is criminally responsible for everything done by his confederate when, first, the act is done in the execution of a conspiracy and to advance the same, or, second, follows the conspiracy as a natural and probable consequence or outcome thereof. Stearns v. State, 42 O. S. 150; State v. Doty, 94 O. S. 258; 1 Bishop Criminal Law, Sections 640, 641."

There was less evidence to support a conviction in the Hickman case than in the one at bar. In the former case it did not appear that at the time of the slaying of the officer the accused was engaged in a specific act of a criminal nature. It was merely shown that the accused had been engaged in a series of robberies. In the instant case the accused were on their way to carry into execution a planned robbery. The elements constituting the crime of murder existed in their minds: 1. The intent to kill if necessary to accomplish their de-

signs or to make their escape; 2. the element of malice, which has been defined "As a general evil design, the dictate of a wicked and depraved heart fatally bent on mischief"; 3. the motive, and finally the act itself, which established all the ingredients of the crime of murder when considered in the light of all the circumstances attending it.

It is the opinion of this court that the verdict is fully sustained by the facts proved, and the judgment of the Common Pleas Court is affirmed.

(Middleton, PJ., and Mauck, J., concur.)